# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Shaunta Piemonte as Next Friend of the minors C.P., G.P., and P.P., and Christopher Piemonte, | ) ) ) ) Case No.: 19 CV 7474 |
| Plaintiffs, | ) ) COMPLAINT FOR VIOLATION OF ) CIVIL RIGHTS |
| v. | ) ) |
| The Village of Carol Stream, and Carol Stream Police Officers Jason Eagan, Jonathan Grey, Alex Freer, Matthew Rudelich, James Busch, Philip Heck, and Thomas Andrejevic, | ) ) ) ) **JURY DEMANDED** |
| Defendants. | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Shaunta Piemonte was and is a citizen of the United States, and was within the jurisdiction of this court.

4. Shaunta Piemonte is the mother and a custodial parent of the minors C.P., G.P., and P.P.

5. At all times herein mentioned, Plaintiff C.P. was a minor born in 2004, was and is a citizen of the United States, and was within the jurisdiction of this court. Shaunta Piemonte is acting as his next friend.

6. At all times herein mentioned, Plaintiff G.P. was a minor born in 2006, was and is a citizen of the United States, and was within the jurisdiction of this court. Shaunta Piemonte is acting as his next friend.

7. At all times herein mentioned, Plaintiff P.P. was a minor born in 2008, was and is a citizen of the United States, and was within the jurisdiction of this court. Shaunta Piemonte is acting as his next friend.

8. At all times herein mentioned, Plaintiff Christopher Piemonte was a minor born in December 2001.

9. At all times herein mentioned, Defendants Jason Eagan ("Eagan"), Jonathan Grey ("Grey"), Alex Freer ("Freer"), Matthew Rudelich ("Rudelich"), James Busch ("Busch"), Philip Heck ("Heck"), and Thomas Andrejevic ("Andrejevic") were employed by the Village of Carol Stream Police Department as police officers, and were acting under color of state law and as the employees, agents, or representatives of the Village of Carol Stream Police Department. These Defendants are being sued in their individual capacity.

10. At all times herein mentioned, the Village of Carol Stream was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Carol Stream maintained, managed, and/or operated the South Holland Police Department. At all relevant times the Village of Carol Stream was the employer of the individual defendant.

**FACTUAL ALLEGATIONS**

11. On or about March 18, 2019, the Plaintiffs were lawfully located at 1159 Edington Lane in the Village of Carol Stream, County of DuPage, State of Illinois.

12. At that place and time and place Defendants Eagan, Grey, Freer, Rudelich, Busch, Heck, and/or Andrejevic forcibly entered Plaintiffs' home.

13. Defendants Eagan, Grey, Freer, Rudelich, Busch, Heck, and Andrejevic did not possess a warrant to enter or search Plaintiffs' home.

14. Defendants Eagan, Grey, Freer, Rudelich, Busch, Heck, and Andrejevic did not have legal cause enter or search Plaintiffs' home without a warrant.

15. During the forcible entry and search of plaintiffs' home Defendants Eagan, Grey, Freer, Rudelich, Busch, Heck, and/or Andrejevic caused unnecessary and unreasonable property damage.

16. Defendants Eagan, Grey, Freer, Rudelich, Busch, Heck, and/or Andrejevic placed handcuffs on C.P.

17. There was no legal cause for Defendants Eagan, Grey, Freer, Rudelich, Busch, Heck, and/or Andrejevic to seize and handcuff C.P.

18. By reason of the above-described acts and omissions of Defendants Eagan, Grey, Freer, Rudelich, Busch, Heck, and/or Andrejevic Plaintiffs sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to their damage in an amount to be ascertained.

19. The aforementioned acts of Defendants Eagan, Grey, Freer, Rudelich, Busch, Heck, and/or Andrejevic were willful, wanton, malicious, oppressive and done with reckless indifference

to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

20. By reason of the above-described acts and omissions of Defendants Eagan, Grey, Freer, Rudelich, Busch, Heck, and/or Andrejevic, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiffs requests payment by Defendants, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
**Plaintiffs Against Defendants Eagan, Grey, Freer, Rudelich, Busch, Heck, Andrejevic For <u>UNLAWFUL SEARCH AND SEIZURE</u>**

21. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

22. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

23. The Defendants' entry and search resulting in property damage to Plaintiffs' home was in violation of Plaintiffs' Constitutional Rights and not authorized by law. The seizure of Plaintiff C.P. and placing him in handcuffs was violation of C.P.'s Constitutional Rights and not authorized by law. These acts were in violation of Plaintiffs' Fourth and/or Fourteenth Amendment rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiffs C.P., G.P., and P.P.  Against Defendants Eagan, Grey, Freer, Rudelich, Busch, Heck, Andrejevic, and The Village of Carol Stream
### For
### TRESPASS

24. Plaintiffs hereby incorporate and realleges paragraphs one (1) through twenty (20) hereat as though fully alleged at this place.

25. Defendants Eagan, Grey, Freer, Rudelich, Busch, Heck, and/or Andrejevic, committed the tort of trespass when they entered Plaintiffs' residence without permission or authority.

26. The Village of Carol Stream is liable to Plaintiffs for the acts of Defendants Eagan, Grey, Freer, Rudelich, Busch, Heck, and/or Andrejevic pursuant to the doctrine of *respondeat superior*.

27. As a result of these acts and/or omissions Plaintiffs were damaged, and Defendants Eagan, Grey, Freer, Rudelich, Busch, Heck, and/or Andrejevic, and the Village of Carol Stream are all liable under the supplemental state law claim of Trespass.

## COUNT III
### INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102
### AGAINST DEFENDANT VILLAGE OF CAROL STREAM

28. Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through twenty-seven (27) hereat as though fully set forth at this place.

29. The acts of Defendants Eagan, Grey, Freer, Rudelich, Busch, Heck, and/or Andrejevic were committed in the scope of their employment with the Defendant Village of Carol Stream.

30. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant Village of Carol Stream is liable for any judgments for compensatory damages in this case

5

arising from the actions of Defendants Eagan, Grey, Freer, Rudelich, Busch, Heck, and/or Andrejevic.

WHEREFORE, the Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, requests judgment against the Defendants as follows:

1. That the Defendants be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiffs' special damages;

3. That the Defendants be required to pay Plaintiffs' attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the Village of Carol Stream be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiffs
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com

**PLAINTIFFS HEREBY REQUESTS A TRIAL BY JURY**

                        BY:    s/Garrett Browne

                                  ED FOX & ASSOCIATES
                                  Attorneys for Plaintiffs
                                  300 West Adams
                                  Suite 330
                                  Chicago, Illinois 60606
                                  (312) 345-8877
                                  gbrowne@efox-law.com